## AMERICAN CAN CO. v. BRUCE'S JUICES, Inc.
### No. 13037.

United States Court of Appeals
Fifth Circuit.

June 14, 1951.

Gerhard A. Gesell, Washington, D. C., John M. Allison, Tampa, Fla., and Wm. M. Aiken, Washington, D. C., for appellant.

Cody Fowler and R. W. Shackleford, Tampa, Fla., for appellee.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

McCORD, Circuit Judge.

From a careful consideration of the petition for rehearing filed by appellant in this cause, we conclude that the opinion heretofore filed warrants explanation. The Court held: "It was shown that in granting quantity discounts the *defendant did not adhere to the various brackets of its quantity discount schedule. To the contrary,* it began to divide and classify all of its customers into three groups designated as 'A', 'B' and 'C'. * * *" [187 F.2d 919, 921.] (Italics ours.)

74

Even though the record evidence does sustain the contention that defendant adhered in some sort to its quantity discount schedule, we adhere to our former holding that such schedule was nevertheless discriminatory for the reason that the discounts granted were based almost entirely on the annual volume of purchases, and were legally unjustified as having practically no relation to the actual cost of selling customers, or reasonable classes of customers. In this connection, our former opinion speaks exactly and succinctly in this wise: "Thus, for all practical purposes, the above grouping of defendant's customers was based almost entirely on the annual volume of their respective purchases, and was in no wise governed by the actual cost of selling customers."

Appellant further complains of the statement in the opinion to the effect that plaintiff's competitors, Engelman Gardens of Texas and Morgan Packing Company of Indiana, "had received from the defendant *special discounts* on the price of a particular type Iscan *which had been denied to plaintiff."* (Italics ours.) In the above quoted language, the court had reference to that testimony concerning the alleged "secret low price" on the 3.12 Iscan which was offered to plaintiff's competitor, Engelman Gardens, in the Fall of 1939, and later made available to Morgan Packing Company in June, 1940. We adhere to our former holding that this lower price, *or its equivalent,* was actually and in effect "denied to plaintiff" for the reason that defendant failed to adhere to its established freight pricing policy with respect to the 3.12 Iscan shipments desired by plaintiff by refusing to quote a price on such shipments which would include the freight to plaintiff's Tampa plant, and that under the circumstances such action was unlawful and discriminatory.

Appellant fastens upon the statement in our opinion that "the unlawful discriminations of the defendant * * * had the effect of restricting its (plaintiff's) can quota [*for the duration of the war*]" as a basis for the contention that this Court arbitrarily awarded damages for that entire period. Neither the trial court nor this Court has ever condoned such an award; and such contention is wholly without substance or merit. No damages were included in the award for the period subsequent to December 9th, 1942, as it is without dispute that Order M–81 did not adversely affect plaintiff's sales after that date.

That portion of the opinion wherein it is held that none "of defendant's customers except plaintiff were ever required to pay freight on a shipment of the 3.12 Iscan" is explained by insertion of the phrase "unusual and discriminatory" before the word "freight", making the challenged quotation read: "It was not shown that any of defendant's customers except plaintiff were ever required to pay [*unusual and discriminatory*] freight on a shipment of the 3.12 Iscan." (Italics ours.)

Upon further consideration of the motion for the assessment of additional attorneys' fees we conclude that counsel for appellee are entitled to an additional allowance in the amount of Five Thousand Dollars ($5,000) for their services upon this appeal.

With the opinion thus modified, the petition for rehearing is hereby

Denied.